# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3440-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUGO AGUILAR, a/k/a
HUGO AGUILAR URREA,

    Defendant-Appellant.

_____

Submitted September 16, 2020 – Decided September 28, 2020

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 16-03-0245.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

A Law Division judge sentenced defendant Hugo Aguilar, pursuant to a plea agreement, on September 22, 2017, to time served of 1332 days incarceration plus appropriate mandatory consequences, including fines and penalties. Defendant pled guilty to one offense charged in a multi-count indictment, third-degree child endangerment by a non-caretaker, N.J.S.A. 2C:24-4(a)(1). At the time, an immigration detainer had already been lodged against him. Defendant did not file a direct appeal, only an unsuccessful petition for post-conviction relief (PCR) alleging, among other things, ineffective assistance of counsel. He asserted that neither of his attorneys nor the court explained to him that deportation was mandatory because the nature of the crime to which he entered a guilty plea was considered a "felony" under immigration law. Defendant now appeals the denial of his petition, and we vacate the order and remand for the judge to conduct a plenary hearing. We conclude defendant established a prima facie case warranting such relief.

When defendant entered the plea on May 30, 2017, it was undisputed that he faced deportation consequences. He was represented by counsel not just in the criminal matter but had retained an immigration attorney as well. The immigration attorney was not present during any of defendant's court appearances in the criminal case. Defendant's plea forms were in the Spanish

language, and discuss the immigration consequences of the entry of a guilty plea in a more limited fashion than the English language plea form. Clearly, however, from the fact he retained immigration counsel, defendant was well aware of potential deportation consequences.

No one explained to defendant that, given the nature of the charging documents, deportation was a certainty, not just a potential consequence. When the judge reviewed the issue with defendant, he spoke only of the "potential." He confirmed that defendant had the opportunity to speak to an immigration lawyer. When asked, defendant said he anticipated a final meeting with that attorney after the entry of a plea. The judge reiterated that as a result of defendant's guilty plea, "there is a strong likelihood" that he would be deported.

On appeal, defendant raises the following for our consideration:

I.    THIS COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE THAT NEITHER OF HIS ATTORNEYS NOR THE COURT ADVISED DEFENDANT HE WAS SUBJECT TO MANDATORY DEPORTATION AS A RESULT OF HIS GUILTY PLEA.

II.   THIS COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY DEFENDANT'S

PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE HIS PLEA COUNSEL DID NOT INVESTIGATE POTENTIAL WITNESSES AND DEFENSES.

The context of our decision is State v. Gaitan, 209 N.J. 339 (2012). There, the Court "made [it] clear" that attorneys "have specific duties as to how they must advise pleading noncitizen criminal defendants, depending on the certainty of immigration consequences flowing from the plea." Id. at 380. The Court went on to state that since an attorney is required to advise a client "when removal is mandatory," the effect on the Strickland v. Washington standard "represents a qualitatively new rule of expected attorney performance[.]" Ibid. The Court ruled that from that point forward,

> counsel's failure to point out to a noncitizen client that he or she is pleading to a mandatorily removable offense will be viewed as deficient performance of counsel; affirmative advice must be conveyed as part of the counseling provided when a client enters a guilty plea to a state offense that equates to an aggravated felony [under federal law], triggering eligibility for mandated removal.
>
> Ibid.

The Court stressed that transcripts of plea colloquies must reflect a defendant's clear understanding of the consequence of his guilty plea. Id. at 381.

"[I]f counsel provided false information, or inaccurate and affirmatively misleading advice about removal consequences of a guilty plea, then deficiency may exist for purposes of establishing . . . a prima facie ineffective assistance of counsel claim entitling defendant to an evidentiary hearing in a PCR proceeding." Ibid.

A defendant is only entitled to an evidentiary hearing where he establishes a prima facie case in support of PCR. See Rule 3:22-10(b). Viewing the facts in the light most favorable to defendant on this record, as we must, if he was incorrectly advised regarding the legal effect of his plea on his immigration status, that may warrant post-conviction relief. See State v. Marshall, 148 N.J. 89, 158 (1997); State v. Preciose, 129 N.J. 451, 462-63 (1992). An evidentiary hearing is therefore necessary to develop facts important to the ultimate decision. State v. Porter, 216 N.J. 343, 355 (2013). Thus, we vacate the order and remand for that purpose.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3440-18T1